UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE V. QUILLEN,

    Plaintiff,                             CIVIL ACTION NO. 07-12922

    v.                                   DISTRICT JUDGE JOHN CORBETT O'MEARA

                                        MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
   _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on November 25, 2002, alleging that he had been disabled and unable to work since February 28, 2001, at age 43, due to breathing difficulties and joint pain. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on March 8, 2003, before Administrative Law Judge (ALJ) Ethel Revels. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Law Judge found that the claimant was unable to do frequent rope/ladder/scaffold climbing, drive any kind of machinery or repetitively use his hands. The ALJ limited Plaintiff to simple, routine

tasks in a relatively clean work setting where he would not have to understand, remember or carry out detailed instructions. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing (TR 305). He had a tenth grade education, and had been employed machine operator during the relevant past (TR 84-85, 306). As a machine operator, he was required to remain on his feet for most of the workday. He constantly had to handle, grip and manipulate large and small objects. He had to lift up to 100 pounds on a regular basis (TR 85).

Claimant stopped working in February 2001, due to bilateral hand pain, shortness of breath and joint pain (TR 311-314). As result of chronic pain and stiffness, Plaintiff was allegedly unable to sit, stand or walk for prolonged periods. Claimant estimated that he could sit for 20 minutes, stand 10 minutes, walk a half block and lift 5 pounds (TR 314-316). Pain medications proved ineffective, and he had to lie down for several hours each day to get pain relief (TR 313, 317).

Other impairments which claimant said prevented him from returning to work included bilateral hand pain, shortness of breath and mental depression. Plaintiff stated that he was unable to grasp or push objects with either hand due to pain, numbness and cramping (TR 325-326). Shortness of breath prevented him from engaging in exertional activities (TR 319-320, 324). He took anti-depressant medications, but he was unable to drive since he suffered periodic blackouts (TR 327-328).

A Vocational Expert, Samuel Goldstein, classified Plaintiff's past work as medium to heavy, semi-skilled activity, which did not impart any transferable skills (TR 335-336). The witness testified that there would not be any jobs for claimant to perform if his testimony were fully accepted[1] (TR 341-342). If he were capable of sedentary work, however, there were numerous inspection and receptionist jobs that he could perform with minimal vocational adjustment (TR 339). These jobs provided a sit-stand option, and did not require forceful grasping of objects, frequent stair climbing, or driving a motor vehicle in the performance of assigned duties. These simple, routine jobs were performed in clean environments, and did not require the worker to understand, remember or carry out detailed instructions (TR 339).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of chronic obstructive pulmonary disease, gastroesophogeal reflux disease, carpal tunnel syndrome, arthritis of both knee joints and major depression-single episode, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's difficulties prevented him from work requiring him to remain on his feet for prolonged periods, to repetitively use his hands or to frequently climb stairs. The ALJ limited Plaintiff to simple, routine tasks in a relatively clean work setting where he would not have to understand, remember or carry out detailed instructions. The Law Judge found that the claimant retained the residual functional

---

[1] The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 342).

capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of

his functional limitations[2]. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain, pulmonary problems or mental depression.

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

---

[2] Plaintiff also maintained that his breathing difficulties were severe enough to meet section 3.02A of the Listing of Impairments.  While the claimant is correct that his March 2003 pulmonary function study showed FEV1 levels in the requisite range to meet the Listing (1.55 or less for an individual of Plaintiff's height of 71 inches), the administrative physician who conducted the test noted that Plaintiff's effort was "submaximal" (TR 144). The physician believed that the claimant was in "too much of a hurry to leave" to exert his best effort (TR 145).  A state agency physician, who was asked to review the pulmonary function study, opined that the test was not sufficient to demonstrate that claimant had met § 3.02A due to his weak effort (TR 146). The reviewing physician added that Plaintiff's previous pulmonary function studies were in the normal range (TR 146).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, routine, sedentary work in a clean air environment providing a sit-stand option and no repetitive use of the hands. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling breathing difficulties, joint pain or emotional problems.

The medical record revealed that Plaintiff sought emergency room treatment for severe asthma on only two occasions during the relevant period (TR 164, 255). X-rays of claimant's chest revealed clear lung fields without any signs of chronic pulmonary disease (TR 148, 157-158, 171, 268). Moreover, there were no clinical records from treating doctors reflecting significant pulmonary abnormalities upon examination. The lack of corroborating clinical and X-ray findings, and the absence of regular pulmonary episodes requiring medical attention, undermines Plaintiff's claim that his breathing difficulties were so disabling that he was prevented him from working in clean air environments.

Plaintiff's argues that the Law Judge failed to take into account his upper extremity limitations stemming from his carpal tunnel pain when ascertaining his residual functional capacity (See Plaintiff's Brief in Support of Summary Judgment at pp. 13-14). To the contrary, the ALJ restricted Plaintiff to jobs that did not require repetitive use of the hands. The Law Judge also limited the claimant to jobs providing a sit-stand option and no frequent climbing of stairs or ladders, given his joint pain and exertional difficulties (TR 21).

While Plaintiff asserts that his depression was severe enough to warrant additional work restrictions on his productivity and public contact, the medical evidence failed to document any evidence of significant or recurrent depression. There were only two mental

health treatment records, which revealed that Plaintiff suffered from mild to moderate symptoms of depression related to the recent deaths of family members and some friends (TR 200-213). Upon examination, Plaintiff appeared sad and anxious, but he remained cooperative, well oriented, attentive and coherent. His judgment and memory were good, and he exhibited no thought process impairment (TR 201-203). The Law Judge took claimant's periodic depression into consideration by limiting him to simple, repetitive, routine, unskilled work where he would not have to understand, remember or carry out detailed instructions. (TR 21). There was no medical evidence supporting Plaintiff's claim that he had additional mental limitations beyond those found by the ALJ.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions

that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled inspection and receptionist jobs that Plaintiff could perform with minimal vocational adjustment (TR 339). These jobs provided a sit-stand option, and did not require forceful grasping of objects, frequent stair climbing, or driving a motor vehicle in the performance of assigned duties. These simple, routine jobs were performed in clean environments, and did not require him to understand, remember or carry out detailed instructions (TR 339). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: January 23, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on January 23, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 23, 2008. **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217